UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SALVADOR RIOS,

        Plaintiff,

v.                              Case No. 21-C-1417

OFFICER DOLAN,
OFFICER THOMPSON, and
ANNALISE MARIA MARTIN,

        Defendants.

## SCREENING ORDER

Plaintiff Salvador Rios, who is currently serving a state prison sentence at Dodge Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Rios' motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Rios has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Rios has filed a certified copy of his prison trust account statement for the two-month period immediately preceding the filing of his complaint, instead of the six-month period as required under 28 U.S.C. §1915(a)(2). The Court assessed and Rios has paid an initial partial filing fee of $21.64. Rios' motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

2

## ALLEGATIONS OF THE COMPLAINT

Rios alleges that, on August 20, 2021, Defendant Officers Dolan and Thompson, knocked on his front door, informed him they had a warrant for his arrest, and arrested him. Rios asserts that he asked the officers to handcuff him in the front because he is "a bigger and broad gentleman." Dolan allegedly told him no and explained that they would use two sets of handcuffs. Rios alleges that they "continued to both struggle," but he does not clarify what he means by that characterization. Rios allegedly asked the officers if he could give his car keys to one of his managers, but they said no. Rios asserts that he then "[i]nvoked his 1st, 2nd, 3rd, 4th, and 5th [amendment rights]." According to Rios, Dolan stated shortly thereafter, "I think we cuffed him to[o] tight." Dkt. No. 1 at 3.

Rios asserts that when he was put in the police vehicle, he felt "a sudden pop in his left shoulder and somewhat like [a] tear or strain in his right shoulder." Rios does not state whether he notified the officers of his pain. After Rios arrived at the jail, he asked a non-Defendant officer if he could be uncuffed because the handcuffs were too tight. According to Rios, the officer uncuffed him. Rios asserts that he "showed her the imprint and the teeth of the cuffs on his wrists." The officer allegedly told Rios, "I could see why they discriminated you being Hispanic, tattooed and a bigger guy." *Id*. Rios asserts that he has been on nerve pain medication since his arrest. Dkt. No. 1 at 4.

Rios also asserts that he later found out that Defendant Annalise Martin, an employee of Spectrum, "had [filed] a criminal complaint which all allegations were false exception of the misunderstanding via email." Dkt. No. 1 at 2, 4.

THE COURT'S ANALYSIS

First, Rios fails to state a claim against Martin, who he identifies as an employee of Spectrum. He would "like her incarcerated for lying excessively about allegations using the hearsay law against [him] knowing[] [that he] was on probation." Dkt. No. 1 at 5. But a plaintiff "may not bring a § 1983 claim against a private citizen who is not acting under the color of state law." *Patel v. Heidelberger*, 6 F. App'x 436, 437 (7th Cir. 2001). Because nothing in Rios' complaint suggests that Martin's actions may be fairly treated as that of the State itself, he may not bring a §1983 claim against her. *See id.* at 437-38.

Next, Rios' claims that officers used excessive force while arresting him arise under the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 394 (1989); *see Tennessee v. Garner*, 471 U.S. 1, 7–8 (1985). The Court applies an objective reasonableness test and considers the reasonableness of the force based on the events confronting the officers at the time. *See Horton v. Pobjecky*, 883 F.3d 941, 949–50 (7th Cir. 2018) (citing *Graham*, 490 U.S. at 396–97). This test balances "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id*. at 949 (quoting *Graham*, 490 U.S. at 396).

Rios fails to state a claim upon which relief can be granted because the Court cannot reasonably infer from his allegations that the officers acted unreasonably when they handcuffed him. Although they denied Rios' request that he be handcuffed in front, they accommodated his size by using two sets of handcuffs rather than one. Given safety concerns associated with handcuffing individuals in front rather than in back, their decision was not unreasonable. Further, although Rios alleges that he heard a pop and felt a tear in his shoulder and that the handcuffs left imprints on his wrists, he does not allege that he informed either officer that his shoulder was

4

strained or that the handcuffs were too tight. It is not unreasonable for officers to fail to address issues they do not know about.

That said, Rios provides few allegations about his interactions with the officers, so it is possible that he interacted with them without describing those interactions in his complaint. Accordingly, if Rios believes there are additional facts that may affect the Court's analysis regarding whether he states a claim, he may file an amended complaint by **March 2, 2022.** If Rios does not file an amended complaint by the deadline, the Court will dismiss this action based on his failure to state a claim in his original complaint.

If Rios files an amended complaint, he must include the docket number assigned to this case. The amended complaint will replace the original complaint, so it must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). That means Rios must include all of his allegations against all of the people he wants to sue. If he files an amended complaint by the deadline, the Court will screen it pursuant to 28 U.S.C. §1915A.

**IT IS THEREFORE ORDERED** that Rios' motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, on or before **March 2, 2022**, Rios may file an amended complaint. If the Court does not receive an amended complaint by the deadline, the Court will dismiss this action based on his failure to state a claim in the original complaint. If Rios does not want to proceed with this case, he does not have to take any further action.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Rios a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions" along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Rios shall collect from his institution trust account the $328.36 balance of the filing fee by collecting monthly payments from Rios' prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Rios is transferred to another institution, the transferring institution shall forward a copy of this Order along with Rios' remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Rios is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Rios is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin this __1st__ day of February, 2022.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge