UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SALVADOR RIOS,

        Plaintiff,

        v.                              Case No. 21-C-1417

OFFICER DOLAN and
OFFICER THOMPSON,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Salvador Rios, who is currently serving a state prison sentence at Stanley Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On February 2, 2022, the Court gave Rios the opportunity to file an amended complaint, which he did on February 22, 2022. The Court will screen the amended complaint as required by 28 U.S.C. §1915A.

### SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement

of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE AMENDED COMPLAINT

Rios alleges that, on August 20, 2021, Defendant Officers Dolan and Thompson, knocked on his front door, informed him they had a warrant for his arrest, and arrested him. Rios asserts that he asked the officers to handcuff him in the front because he is "a bigger and broad gentleman." Dolan allegedly told him no and explained that they would use two sets of handcuffs. Rios alleges that they struggled to handcuff him even though he was not resisting. While escorting Rios to the patrol car, Dolan allegedly said, "I think we cuffed him too tight." Rios allegedly asked the officers if he could give his car keys to one his managers, but they said no. Rios asserts that he "[i]nvoked

[his] 1st, 2nd, 3rd, 4th, and 5th Amendment rights" and at no time did the officers read him his *Miranda* rights. Dkt. No. 12 at 3.

Rios asserts that, after he arrived at the jail, he asked a non-Defendant officer if he could be uncuffed because the handcuffs were too tight. According to Rios, she uncuffed him and Rios showed her "the imprints and the teeth of the cuffs on [his] wrists." Rios alleges that he was handcuffed for nearly two hours. The officer allegedly told Rios, "I could see why they discriminated you being hispanic, [tattooed] and a bigger guy." Rios asserts that he felt a pain in his right shoulder while he was in the patrol car and has been on nerve pain medication and in physical therapy since his arrest. Dkt. No. 12 at 3.

## THE COURT'S ANALYSIS

Under the Fourth Amendment, the Court applies an objective reasonableness test when evaluating the force used during an arrest. *See Horton v. Pobjecky*, 883 F.3d 941, 949–50 (7th Cir. 2018) (citing *Graham v. Connor*, 490 U.S. 386, 396-97 (1989)). This test balances "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id*. at 949 (quoting *Graham*, 490 U.S. at 396). Rios fails to state a claim upon which relief can be granted because the Court cannot reasonably infer from his allegations that Defendants acted unreasonably when they arrested him.

Although Defendants denied Rios' request that he be handcuffed in front, they attempted to accommodate his size by using two sets of handcuffs rather than one. Given safety concerns associated with handcuffing individuals in front rather than in back, that decision was not unreasonable. Further, although Rios alleges that Defendants struggled to secure the handcuffs, that he felt pain in his shoulder while in the patrol car, and that the handcuffs left imprints on his wrists, he does not allege that he informed either Defendant that the handcuffs were causing him

3

pain. According to the amended complaint, the first time Rios communicated to Defendants about the handcuffs was when he arrived at the Jail and asked that they be removed. Rios asserts that the handcuffs were removed at that time. It is not unreasonable for officers to fail to address issues they do not know about.

Rios also asserts that Defendants never read him his *Miranda* rights. But "violation of the *Miranda* safeguards cannot provide the basis for § 1983 liability without use of a suspect's statements against him in a 'criminal case.'" *Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1024-25 (7th Cir. 2006). Rios does not allege that he made *any* incriminating statements to Defendants, let alone statements that were used against him in his criminal case. Finally, Rios highlights alleged misstatements by Thompson in the criminal complaint regarding who handcuffed him and how frequently she checked his handcuffs, but misstatements of minor details like the ones Rios describes do not themselves violate his constitutional rights and are of no consequence to the Court's determination that he fails to state a Fourth Amendment claim.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Green Bay, Wisconsin this   7th   day of March, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.